ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NICOLE MARIE MIESES ACOSTA<br><br>Recurrida<br><br>v.<br><br>JEAN CARLO HERNÁNDEZ ROSALES<br><br>Peticionario | TA2025CE00016 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: GB2023RF00085<br><br>Sobre: Relaciones Filiales |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de julio de 2025.

Comparece Jean Carlos Hernández Rosales ("señor Hernández Rosales" o "Peticionario") mediante recurso de *certiorari* y nos solicita que revisemos la *Resolución Provisional de Alimentos* emitida y notificada el 14 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud del referido dictamen, el TPI le impuso al peticionario el pago de una pensión alimentaria provisional de $1,628.56 mensuales, en beneficio de sus hijos menores de edad.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I.**

El señor Hernández Rosales y Nicole Marie Mieses Acosta ("señora Mieses Acosta" o "Recurrida"), durante la vigencia de su matrimonio, procrearon dos hijos, J.M.H.M. y E.S.H.M. Las partes se divorciaron mediante escritura de divorcio en sede notarial el 10 de mayo de 2023. Como resultado, suscribieron una *Estipulación y Acuerdo sobre Divorcio por Consentimiento Mutuo* ("Estipulación y Acuerdo"). Entre otras,

estipularon que el señor Hernández Rosales pagaría una pensión alimentaria de $800.00 mensuales a favor de los menores de edad.

Posteriormente, el 11 de octubre de 2024, la señora Mieses Acosta presentó ante el TPI una *Moción para Solicitar Revisión de Pensión por Razón de Cambios Sustanciales*. Señaló que al momento de suscribir la Estipulación y Acuerdo el señor Hernández Rosales solo tenía una fuente de ingresos, a saber, un negocio propio que se encontraba en sus comienzos. No obstante, sostuvo que, en la actualidad, el peticionario tenía un negocio adicional, el cual alegó que le debía generar una cantidad sustancialmente mayor de dinero. Asimismo, manifestó que también se habían producido cambios sustanciales relacionados a los gastos de los menores. Particularizó que los gastos mensuales de los menores ascendían a $4,271.01, sin tomar en consideración el pago de $1,994.00, correspondiente a su vivienda. Ante tales cambios, expuso que procedía la revisión de la pensión alimentaria.

El 25 de octubre de 2024, notificada el 28 de octubre de 2024, el foro de instancia le concedió quince (15) días al señor Hernández Rosales para expresar su posición en relación a la solicitud instada por la señora Mieses Acosta. Ante el incumplimiento del peticionario, el 13 de noviembre de 2024, la recurrida instó una *Moción en Solicitud de Orden*, con la intención de que se concediera la revisión de pensión, según solicitada.

Tras varias instancias procesales, el 6 de febrero de 2025, se celebró la vista de modificación de pensión alimentaria ante la Examinadora de Pensiones Alimentarias ("EPA") a la cual comparecieron ambas partes. Celebrada la vista y aquilatadas las Planillas de Información Personal y Económica ("PIPE"), la EPA recomendó una pensión alimentaria provisional de $1,628.56 mensuales en beneficio de los menores. El 14 de febrero de 2025, el TPI emitió una *Resolución Provisional de Alimentos* en virtud de la cual acogió la recomendación de la EPA.

Inconforme, el 4 de marzo de 2025, el señor Hernández Rosales instó una *Moción de Reconsideración*. Adujo que la revisión resultaba

imprecedente, toda vez que no habían transcurrido tres (3) años desde que se fijó la pensión alimentaria y tampoco existían cambios sustanciales que ameritaran su revisión.

En respuesta, el 5 de marzo de 2025, la señora Mieses Acosta presentó una *Moción para Solicitar Orden por Desacato y Oposición a Solicitud de Reconsideración.* Atinente a la controversia ante nos, destacó que el foro de instancia le había otorgado la oportunidad al señor Hernández Rosales para oponerse a la solicitud de revisión de pensión alimentaria a través de la *Orden* dictada el 25 de octubre de 2024. Sin embargo, señaló que el peticionario nunca se expresó y, a raíz de su incumplimiento, el TPI permitió la revisión.

Así las cosas, el foro de instancia denegó la solicitud de reconsideración instada por el peticionario mediante *Resolución* dictada el 21 de mayo de 2025. Insatisfecho aún, el 20 de junio de 2025, el señor Hernández Rosales acudió ante nos mediante recurso de *certiorari.* El peticionario realizó el siguiente señalamiento de error:

> **Abusó de su discreción el TPI al ordenar la celebración de procedimiento de revisión de pensión alimentaria al demandado Hernández ante la total inexistencia de cambio sustancial alguno en sus circunstancias económica e independientemente de que el demandado se haya expresado anteriormente en cuanto a ello conforme orden emitida a esos efectos.**

El 18 de julio de 2025, la señora Mieses Acosta notificó su *Memorando en Oposición a Expedición de Auto de Certiorari.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR

124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> 32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración

para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

-**B**-

El derecho de los hijos menores de edad a reclamar sus alimentos es parte esencial del derecho constitucional a la vida. Art. II, Sec. 7, Const. PR, LPRA, Tomo 1; *De León Ramos v. Navarro Acevedo, supra,* pág.

169; *Santiago, Maisonet v. Maisonet Correa,* 185 DPR 550, 560 (2012). La obligación de brindar alimentos a los menores de edad surge de la relación paterno-filial que se origina en el momento en que la paternidad o maternidad quedan establecidas. *McConnell v. Palau,* 161 DPR 734, (2004). Cónsono con lo anterior, la obligación de proveer alimentos recae sobre ambos progenitores, como parte de la patria potestad y custodia. Artículo 590 del Código Civil, 31 LPRA 7242.

Tal obligación está expresamente consignada en los Artículos 653 al 680 del Código Civil de Puerto Rico, 31 LPRA secs. 7531-7582. De igual manera, con la intención de asegurar su cumplimiento, la Asamblea Legislativa promulgó la Ley Núm. 5 del 30 de diciembre de 1986, según enmendada, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*, 8 LPRA secs. 501 *et. seq.*

A tenor con el referido estatuto, la pensión alimentaria tendrá una vigencia de tres (3) años, a menos que existan cambios sustanciales en las circunstancias del alimentista, de la persona custodia o de la persona no custodia. Artículo 19 (c) de la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA sec. 518; *McConnell v. Palau, supra,* págs. 749-750. En otras palabras, tiene que haberse producido una alteración sustancial en las necesidades del alimentista o los recursos económicos del alimentante. *Magee v. Alberro,* 126 DPR 228, 233 (1990); *Negrón Rivera y Bonilla, Ex parte,* 120 DPR 61, 77 (1987). La parte que solicita la revisión de la pensión alimentaria deberá establecer las circunstancias que hacen necesaria que sea modificada. *Argüello v. Argüello,* 155 DPR 62, 78 (2001).

**III.**

El peticionario arguye que el foro de instancia incidió al aprobar la revisión de la pensión alimentaria. En específico, reiteró que no existían circunstancias que justificaran la revisión, toda vez que no han transcurrido tres (3) años desde que se fijó la pensión alimentaria y

tampoco se han producido cambios sustanciales en su capacidad económica.

Por su parte, la recurrida expone que la revisión fue referida a la EPA debido a que el peticionario no se opuso a la solicitud de revisión de pensión alimentaria. Sostiene, además, que luego de que el caso fue citado para vista, el señor Hernández Rosales participó activamente del proceso, al notificar su PIPE y comparecer voluntariamente ante la EPA. No obstante, aduce que no fue hasta que la pensión alimentaria fue modificada que el peticionario se opuso a la revisión. Siendo así, arguyó que la expedición del auto de *certiorari* debía ser denegada.

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que exista alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones